JOSEPH B. CHESHIRE, JR., AND J. C. ALLISON, RECEIVERS OF THE PARKER-HUNTER REALTY COMPANY, v. V. O. PARKER AND AMERICAN EMPLOYERS INSURANCE COMPANY.

(Filed 21 November, 1934.)

1. **Fraudulent Conveyances C e—Form of question relating to solvency of corporation at time of transfer held not prejudicial.**

In an action seeking to establish fraud in the transfer of corporate property by the president of the corporation in paying a preëxisting debt due the president's wife by the corporation, a question to the president as a witness in his own behalf as to whether he had a "feeling" the corporation was solvent at the time of the transfers will not be held for reversible error where it appears from the witness' answer that he understood the question to be as to his opinion of the solvency of the company at the times in question.

**2. Same—*Admission of testimony in this case held not prejudicial.***

In an action seeking to establish fraud in the transfer of corporate property by the president of the corporation in paying a preëxisting debt due the president's wife by the corporation, the admission of testimony by the president as a witness in his own behalf as to his present financial condition cannot be held for reversible error.

**3. Fraudulent Conveyances C g—**

Instructions of the court upon the issue as to the solvency of the corporation at the time of application of funds by the president thereof to a preëxisting debt due by the corporation to the president's wife *are held* to be without error in this case.

**4. Fraudulent Conveyances A d—**

Transfer of corporate funds by the president of the corporation to a preëxisting debt due by the corporation to the president's wife is not wrongful and does not constitute wilful misapplication of the funds by the president, if at the time of such transfers the corporation is solvent.

APPEAL by plaintiffs from *Grady, J.,* at April Term, 1934, of WAKE. No error.

This is an action to recover of the defendants the sum of $5,798.05.

The plaintiffs are the receivers of the Parker-Hunter Realty Company, a corporation organized under the laws of this State. They have been engaged in the performance of their duties as such receivers since their appointment on 20 August, 1930.

Prior to his resignation on 22 July, 1930, the defendant V. O. Parker was the president and treasurer of the Parker-Hunter Realty Company and was in the active management of its business.

Prior to 1 January, 1930, the defendant American Employers Insurance Company had executed and delivered to the Parker-Hunter Realty Company a bond, by which it agreed to reimburse the said company for any loss it might sustain, not to exceed the sum of $5,000, caused by the fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or wilful misapplication of its property by the said V. O. Parker, its president and treasurer. The said bond was in full force at all times between 1 January, 1930, and 22 July, 1930.

It is alleged in the complaint that at various times between 1 January, 1930, and 22 July, 1930, the defendant V. O. Parker, as president and treasurer of the Parker-Hunter Realty Company, wrongfully abstracted and wilfully misapplied the sum of $5,798.05, the property of the said company. This allegation is denied in the answers filed by the defendants.

There was evidence at the trial tending to show that at various times between 1 January, 1930, and 22 July, 1930, the defendant V. O. Parker, as president and treasurer of the Parker-Hunter Realty Company, directed the secretary of said company to issue its checks payable to him,

and that the amounts of these checks were charged to him, with the understanding that the aggregate of such amounts should be credited on a note for the sum of $14,200, executed by the Parker-Hunter Realty Company and payable to Mrs. Annie L. Parker, his wife. The consideration of said note was money which had been loaned to the company by. Mrs. Parker. The aggregate amount of these checks on 22 July, 1930, was $5,798.05, and on said day the said amount was credited on the note of Mrs. Parker by the secretary of the company, pursuant to the instructions of Dr. J. Rufus Hunter, the successor of the defendant V. O. Parker, as its president and treasurer.

The issues submitted to the jury were answered as follows:

"1. Did the defendant V. O. Parker, while acting as president and treasurer of the Parker-Hunter Realty Company, between 1 January, 1930, and 22 July, 1930, withdraw from the assets of said company the sum of $5,798.05, and apply the same on a preëxisting debt due his wife by said company? Answer (by consent): 'Yes.'

"2. If so, at the time of said withdrawal was the Parker-Hunter Realty Company insolvent? Answer: 'No.'

"3. Did the withdrawal of said funds and the application to the preexisting indebtedness amount to a fraud, or to a wrongful abstraction, or to a wilful misapplication, as alleged in the complaint? Answer: 'No.'"

From judgment that they recover nothing of the defendants, or either of them, the plaintiffs appealed to the Supreme Court, assigning as errors the rulings of the court on plaintiffs' objections to the admission of evidence, and instructions of the court to the jury.

*Paul F. Smith and Murray Allen for plaintiffs.*
*Bunn & Arendell for defendant V. O. Parker.*
*J. M. Broughton for defendant American Employers Insurance Company.*

CONNOR, J. The contentions of the plaintiffs that there was error in the refusal of the court to sustain their objections to questions addressed to the defendant V. O. Parker while testifying as a witness for the defendants, as to whether or not he had a "feeling" that the Parker-Hunter Realty Company was solvent at the times he withdrew sums of money from its treasury and applied the same as payments on Mrs. Parker's note, and as to his present financial condition, cannot be sustained. The answer of the witness to the first question showed that he understood that he was asked his opinion as to the solvency of the company at the times he caused the checks to be issued to him by the secretary of the company. The jurors, as intelligent men, could not

have been improperly influenced by the question to or by the answer of the witness with respect to his present financial condition.

The plaintiffs did not object to the issues submitted by the court to the jury, but tried their case on the theory on which the issues were drawn. There was evidence tending to show the solvency of the company at the times of the withdrawal and application of the money. This evidence was submitted to the jury under instructions which are free from error. Assignments of error based on exceptions to these instructions are not sustained.

If the Parker-Hunter Realty Company was solvent at the time the money was withdrawn by the defendant V. O. Parker and applied by him as payments on Mrs. Parker's note, as the jury found, then such withdrawal was not wrongful, and such application was not a wilful misapplication. There was evidence tending to show that the directors of the company knew and approved of the action of the defendant V. O. Parker. There was no evidence tending to show that such action was fraudulent.

The judgment is affirmed.

No error.